Morgan, J.
On the seventh May, 1869, Edmund Murphy executed his promissory note for $6000, payable to his own order twelve months after date. The payment of the note was secured by special mortgage on certain real estate in this city. The mortgage was recorded in the mortgage office on the tenth May, 1869.
Coleman & Co. paved the street in front of this property. The work was done nnder the authority of the Council. The authority was first given on the thirtieth August, 1860, and the work was to have been completed in two years; but in 1868 the time was extended to the first November, 1870. The contract was recorded on the eighteenth May, 1870, nearly two years after it had been agreed upon, and nearly one year after the mortgage. Coleman obtained judgment for the amount of his claim, and caused the property to be sold to satisfy it.
The plaintiff took out an order of seizure and sale against the property. Her suit was returned by the sheriff, in consequence of the property having been previously sold under Coleman & Co’s judgment.
Plaintiff seeks to annul the sale, and to cause the privilege of Coleman & Co. to be erased from the books of the mortgage office, to the extent, at least, that it shall confer no priority over her mortgage.
*48 The property sold for less than the sum due to the plaintiff.
The 684th article of the Code of Practice provides, that “if the price bid is not sufficient to discharge the privileges and mortgages existing on the property, and which have a preference over the judgment creditor, there shall be no adjudication, and the sheriff shall proceed to seize other property of the debtor, if there be any.” If there was no legal adjudication, there was no sale. There certainly was no legal adjudication if the defendants’ asserted privilege had no preference over the plaintiff’s mortgage.
Privileges are strioti juris, and, whether the result of general laws, or special statutes, must be rigidly construed.
Now the article 3274 of the C. C. declares that “no privilege shall have effect against third persons unless recorded in the manner required by law in the parish where the property to be affected is situated. It shall confer no preference on the creditor who holds it, over creditors who have acquired a mortgage, unless the act or other evidence of the debt is recorded on the day that the contract was entered into.” This article, found in the Code of 1825, has not been repealed or changed by any special legislation. The act of 1840, under which the defendant claims (admitting it to be in force, upon which it is not necessary to express an opinion) gives the privilege claimed, but it provides “that the privilege which secures the reimbursement as aforesaid for paving shall only exist when an account of said paving, certified by the treasurer and comptroller of the said municipality, shall be duly recorded in the office of the Register of Conveyances in this city, and provided said privilege shall exist for two years only after the tax has become due.”
There is, therefore, no privilege until the work is done, and when the work is done the privilege interferes with no one until it has been duly recorded. “Duly recorded” means recorded in compliance with the requirement of law. The requirement of the law is that it shall be recorded on the day when the evidence of debt was given. That day was the twenty-eight February, 1870. It was not recorded until the eighteenth day of May following. It was too late for it to have any effect upon the plaintiff’s mortgage, for this statute of 1840 does not, in any manner, repeal or change the article of the Code above quoted, in regard to the time when the privilege shall be recorded. It simply fixes the length of time which the privilege is to endure.
As the privilege under which the sale took place was not superior to the plaintiff’s mortgage, and as the price bid was not sufficient to pay her mortgage, x_ follows, under the article of the Code of Practice cited, that there was no legal adjudication, and, therefore, that there was no sale. The judgment of the court below, in this regard, was correctly rendered.
*49 Appellee contends that there was error in the judgment which non-suited her as to the claim she made against defendants to cause him to make restitution of the rents received by him since the sale, to he placed to the credit of her debtor. We think the district judge was right. The plaintiff would have had no authority for making these rents responsible for her debt if the property had remained in the hands of her debtor. Her rights rested on the realty and not on its revenues; what became of them is no concernment of hers.
Judgment affirmed.
Rehearing refused.